DISSENTING OPINION BY
JUDGE COSGROVE
Because I believe the Board of Trustees (Board) lacks real authority over Insight’s necessary professional staff as required by Section 1716-A of the Charter School Law (CSL),[1]1 respectfully dissent.
Section 1716-A of the CSL unequivocally provides that the “board [of trustees has] the authority to employ, discharge and contract with the necessary professional and nonprofessional employes subject to the school’s charter and the provi *613 sions of this article.” By the terms of the Amended and Restated Educational Products and Services Agreement (Agreement) between Insight and K12, it is K12 (and not the Board) which is responsible for hiring all student support staff (defined in Section 7.4 of the Agreement as any position which provides direct services to the school and its students, with the exception of certified teachers or student counselors).
The Majority notes that, “[wjithin two years of operation, Insight will also employ the school’s principals...” See Majority op. at 599. Section 1716-A, simply does not permit such employment by another entity. Had this section provided that the Board may contract for the necessary professional and nonprofessional employees, it would suggest the Board had the authority to delegate this responsibility and allow another entity to contract with the'necessary professional and nonprofessional employees, whether immediately or in two years’ time. Unfortunately, it does not. While West Chester Area School District v. Collegium Charter School, 571 Pa. 503, 812 A.2d 1172 (2002) recognized the authority of a charter school board of trustees to contract for services, that case does not stand for the proposition that a charter school may contract with another entity to fulfill its responsibilities as set forth in Section 1716-A. See Collegium, 812 A.2d at 1185 (Section 1714-A of the C.SL expressly permits a charter school to make contracts and leases for the procurement of services, equipment and supplies).
Neither can I dismiss, as does the Majority, the proposed organizational chart provided by Insight when submitting its application and which “helps to illustrate the school’s governance structure.” (Reproduced Record (R.R.) at 90a.) This chart very clearly depicts all teachers as falling under the authority of the principals, who will be K12 employees for the first two years of the school’s inception. (R.R. at 91a.) The duties of the principals, as outlined in Insight’s application, include “supervision. .. to the instructional staff.” (R.R. at 90a.) As a result, while teachers may be employees of Insight, they will be governed and supervised by employees of K12, the for-profit entity.
Given these discrepancies, I cannot join the Majority.

. Act of March 10, 1949, P.L. 30, as amended, added by the Act of June 19, 1997, P.L. 225, 24 P.S. § 17-1716-A.